**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:05CV-37**

**JEWELL DICKEN**                                                                                    **PLAINTIFF**

**V.**

**MARK ALLAN MENDENHALL, ET. AL.**                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on an Objection by Plaintiff, Jewell Dicken [DN 64], to the Magistrate's Protective Order entered on January 26, 2006. Fully briefed, this matter stands ripe for decision. For the following reasons, the Plaintiff's Objection is **SUSTAINED**.

**I. STANDARD OF REVIEW**

F.R.C.P. 72(a) of the Federal Rules of Civil Procedure provides the standard of review the Court must apply when objections are filed with respect to a magistrate judge's ruling on nondispositive matters. Pursuant to this rule,"the district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." F. R.C.P. 72(a).

**II. BACKGROUND**

This case arises out of Plaintiff's purchase of an insurance policy. The Plaintiff, Jewell Dicken ("Dicken"), originally brought suit on March 30, 2005 against Mark A. Mendenhall ("Mendenhall"), State Mutual Insurance Company ("State Mutual"), Guarantee

Trust Life Insurance Company ("Guarantee Trust"), American Equity Investment Life Insurance Company ("American Equity"), United Teacher Associates Insurance Company ("United Teacher Associates"), and unknown defendants. On July 8, 2005, Dicken settled her claims with American Equity. At some point thereafter, other Defendants raised the issue of access to the settlement agreement between Dicken and American Equity. On January 5, 2006, the Magistrate Judge ordered that,

> "[f]ollowing the entry of an 'attorneys' eyes only' protective order, to be prepared by counsel for State Mutual Insurance Company, Plaintiff's counsel shall provide a copy of the July 8, 2005 written settlement agreement between Jewell Dicken and American Equity Investment Life Insurance Company to counsel for the other parties to this action, subject to the attorneys' eyes only provisions of the protective order."

On January 26, 2006, State Mutual tendered a proposed Protective Order, which the Magistrate adopted in a formal Protective Order. On February 2, 2006, Plaintiff filed an Objection to the Magistrate's Protective Order entered on January 26, 2006. Guarantee Trust then filed a response to that Objection.

### III. DISCUSSION

In her Objection pursuant to F.R.C.P. 72(a), Plaintiff argues that she has not been afforded a right to contest the Magistrate's Order allowing opposing counsel to see the settlement agreement in question. She further argues that she has not been accorded any indication as to why the confidential settlement disagreement must be disclosed. Guarantee Trust contends that Plaintiff's Objection must fail because it was both untimely and because it did not show that the Magistrate's Order was clearly erroneous.

F.R.C.P. 72(a) governs nondispositive matters referred to magistrate judges and states as follows:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

The Plaintiff's objections are not untimely. The Magistrate's Order on January 5, 2006 states that following the entry of an "attorneys' eyes only" protective order, Plaintiff's counsel shall provide a copy of the settlement agreement. The formal Protective Order was not entered until three weeks later. Plaintiff's Objection to the Protective Order was timely as it was within ten days of the date of entry of the Protective Order which required the production of the settlement agreement by a date certain.

There is nothing in the record to indicate why the Magistrate ruled as he did. It appears that most discussions occurred during telephonic conferences. Based on this record, the Court cannot determine whether the Magistrate's Order was "clearly erroneous" or "contrary to law." Thus, the Court vacates that Magistrate's Protective Order dated January 26, 2006 and remands the matter to the Magistrate so as to allow a record to be made on this issue.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection [DN 64] is **SUSTAINED**.

cc: counsel of record
    USMJ Goebel
    Kelly Lovell