**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:05CV-00037-JHM**

**JEWELL DICKEN**                                                                                         **PLAINTIFF**

**VS.**

**MARK ALLEN MENDENHALL, ET AL.**                                                 **DEFENDANTS**

MEMORANDUM OPINION AND ORDER

Before the Court is the joint motion of the Defendants, State Mutual Insurance Company (hereinafter "State") and Guarantee Trust Life Insurance Company (hereinafter "Guarantee") to stay the pretrial deadlines and the trial of this action pending adequate opportunity to acquire meaningful discovery from their Co-Defendant, Mark Mendenhall (hereinafter "Mendenhall") (motion at DN 117). Plaintiff Jewell Dicken has filed her Response objecting to this motion declaring that from her perspective "...this case is unequivocally ready for trial." (DN 119, p. 1). State and Guarantee have filed their Reply (DN 126) to Plaintiff's Response, and the matter is ripe for ruling.

Also before the Court is Defendant Mendenhall's motion for new discovery deadlines (DN 116) seeking relief similar to the relief sought by his Co-Defendants. State and Guarantee agree with his position (DN 124) while Plaintiff objects (DN 119). This matter is also ripe for ruling.

For reasons hereinafter set out, both motions will be granted.

BACKGROUND

This action was filed March 30, 2005. The Plaintiff is an elderly woman confined to a nursing home whose competency to testify in this matter is questionable because of mental deficits attributable to age and disease process. In fact, there were early efforts in this case to take her oral deposition for that very reason (see DNs 16, 18, 19 and 20).

Plaintiff's initial complaint (DN 1) essentially alleges that during the year 2004, Mendenhall, while acting as a "registered agent" for Defendants State and Guarantee, as well as for Defendants American Equity Investment Life Insurance Company and United Teacher Associates Insurance Company, engaged in acts of fraud and deceit against the Plaintiff which included selling her various insurance products of the defendant insurance companies which, given her age and other personal factors, were wholly inappropriate for her to own and maintain, thereby causing the damages she claims.

American Equity and United Teacher have settled with Plaintiff and have been dismissed from this action (see DNs 29 and 114).

Plaintiff alleges State and Guarantee's liability to Plaintiff is predicated on the nature of their agency relationship with Mendenhall as well as their ratification of his unlawful acts as directed at Plaintiff, their knowledge that the products sold to Plaintiff were "inappropriate" for a woman of her age and financial situation, and their negligent failures with respect to their duties to properly hire, retain, instruct and supervise Mendenhall's conduct (see Amended Complaint, DN 79).

State and Guarantee admit to an agency relationship with Mendenhall, albeit an independent contractor relationship, and admit he sold certain of their products to the Plaintiff. (See

Answers to Amended Complaint at DNs 82 and 87). State and Guarantee have cross-claimed against Mendenhall seeking indemnity for any judgment obtained against them by Plaintiff.

Mendenhall was indicted by the Commonwealth of Kentucky, Cumberland Circuit Court, No. 05-CR-00006, on January 20, 2005 for the felony offense of theft by deception charging that Mendenhall "...obtained property or services from Jewel A. Dicken by deception, with the intent to deprive the owner thereof, when he intentionally deceived Ms. Dicken by misleading her to purchase insurance policies which were not as he had represented them to be, and also taking $3,000.00 in advance monies, having a value of more than $300.00..." (See DN 117, Exhibit A). Importantly, these criminal charges remain pending.

Mendenhall apparently has other criminal charges pending, and there may be other investigations pending, although none of the parties to this action have indicated the other pending criminal matters relate in any way to the Plaintiff, Jewell Dicken. Nonetheless, it is apparent from the language of the Cumberland Circuit Court indictment that the charges there are directly related to the civil action brought before this Court.

On December 30, 2005, Mendenhall filed a motion herein (DN 46) requesting a protective order and stay with respect to any discovery sought from him so long as the criminal charges in the Cumberland Circuit Court remain pending against him, arguing that a stay was an appropriate means of protecting his Fifth Amendment right to remain silent and his right not to disclose the basis of his criminal defense in advance of the criminal trial. On February 2, 2006, the undersigned denied this motion (Order at DN 62) for blanket protection, ruling that discovery as to him would not be stayed and that Mendenhall was required to assert his Fifth Amendment right to remain silent on a question-by-question basis.

Thereafter State and Guarantee took the oral deposition of Mendenhall. He has also furnished responses to written discovery requests. State and Guarantee both assert these discovery efforts were largely for naught, as Mendenhall asserted his Fifth Amendment right to remain silent whenever he was confronted with any queries designed to address the meatier issues of the present suit. The Court has not been furnished with a copy of his deposition, nor with copies of his responses to written discovery, but it is noted that Plaintiff's Response to the present motion does not argue that State and Guarantee were able to obtain meaningful discovery from Mendenhall as it relates to the claims and defenses asserted in this action.

THE PRESENT MOTION

State and Guarantee both argue they cannot effectively defend Plaintiff's claims against them or prosecute their cross-claims against Mendenhall in the absence of the ability to obtain meaningful discovery from Mendenhall. At present they are unable to elicit answers from him as it relates to any contacts he may have made with Plaintiff, any statements made by him to her, any statements she made to him, dates, times, settings, persons present, applications taken, etc. As previously noted, because of Plaintiff's infirmities, Mendenhall may be the *only* person competent to testify about many of the events and circumstances giving rise to Plaintiff's claims. Thus, State and Guarantee argue they should not be forced to identify trial experts, nor have a deadline imposed for dispositive motions, nor be forced to try this action until such time as meaningful discovery can be obtained from Mendenhall.

Plaintiff argues she will be prejudiced by the delay attendant to obtaining meaningful discovery from Mendenhall since it must necessarily depend on a final resolution of all criminal

4

charges and investigations involving Mendenhall. She asks rhetorically, when will that be? She asserts that her advanced age and "financial distress" necessitate this case be tried as soon as possible.[1] Plaintiff also asserts, without any stated factual basis, that because she has already identified her expert witness and provided a report that Defendants' "...current motion was calculated to cause a long delay between Plaintiff's disclosure and Defendants' subsequent disclosure of experts." Plaintiff argues this gives the Defendants an "...unfair advantage of time to 'pick apart' the Plaintiff's expert." She further asserts the Defendants' "...true reason behind (requesting the delay) is to hope the Plaintiff passes away." Finally, she argues that Defendants' motion *itself* is in clear breach of their fiduciary duties - that the motion was brought in bad faith in violation of KRS 304.12.230 which requires insurance companies to refrain from preventing or delaying the prompt resolution of claims made under any policy or policies.

## CONCLUSIONS OF LAW

As the undersigned has previously opined (See Order at DN 62), whether the relief now sought by the Defendants should be granted must be considered in light of the following factors:

> "(1) the extent to which the issues in the civil and criminal proceedings overlap; (2) the status of the criminal proceedings; (3) the plaintiff's interest in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the hardship on the defendant; (5) the convenience of both the civil and criminal courts; and (6) the interest of the public and third parties."

---

[1]Plaintiff's counsel makes a naked assertion that Plaintiff is in financial distress - that she is critically ill without any real means to pay for her current confinement in a nursing home. Plaintiff points to nothing in the record to verify this information, or that either Medicare or other third party provider refuses to pay for the level of care Plaintiff needs.

5

Birge ex rel. Mickens v Dollar General Corp., 2005 WL 3448044, *2 (W.D. Tenn. 2005). The undersigned has previously considered these factors in light of a motion by Mendenhall to order a stay as to any discovery sought from him by Plaintiff or his Co-Defendants, and opined a blanket stay should not be granted (See Order at DN 62).

However, the undersigned has not considered these factors in light of a motion by State and Guarantee, Mendenhall's Co-Defendants, to delay certain deadlines (i.e., identifying experts, providing reports and dispositive motions) and the trial of this action until meaningful discovery can be obtained from Mendenhall, who remains under indictment for matters arising from his transactions with the Plaintiff and who continues to assert his Fifth Amendment right to remain silent with respect to his conduct surrounding the very transactions that are the subject of this civil suit.

The prejudice to State and Guarantee is patent. Their alleged liability to plaintiff, to a large degree, depends on the nature of Mendenhall's transactions with the Plaintiff Dicken, who is not presently competent to testify about these matters, as well as Mendenhall's relationship with these insurance company defendants. Mendenhall, citing his Fifth Amendment right to remain silent, *refuses* to testify about these matters. Although Plaintiff charges she is "...well aware that the Defendant insurers have worked in concert with Defendant throughout this matter...", she points to nothing in the record to suggest State and Guarantee are controlling Mendenhall's refusal to cooperate with discovery.

The Court would prefer this action not be delayed, but proceed in an orderly fashion to an expeditious conclusion. But the criminal proceedings against Mendenhall has changed the normal landscape in this civil proceeding. The prejudice to Plaintiff Dicken, previously noted by

6

the undersigned (See Order at DN 62), is certainly no greater than the prejudice to State and Guarantee in being forced to trial without necessary discovery. But the prejudice to Dicken is simply delay, while the prejudice to State and Guarantee centers on their inability to acquire critical discovery in this action that they would ordinarily be entitled to achieve but for Mendenhall's criminal charges and consequent refusal to testify about critical issues herein. In balancing all relevant factors, the relief sought by State and Guarantee should be granted. See <u>Bruner v. Balogh</u>, 819 F. Supp 811 (E.D. Wis. 1993); <u>Volmar Distributors, Inc. v. New York Post Co., Inc.</u>, 152 F.R.D. 36 (S.D.N.Y., 1993); <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd.</u>, 7 F.Supp.2d 523 (D.NJ., 1998).

The undersigned finds no merit in Plaintiff's contention that Defendant's purpose in filing the present motion is to gain unfair advantage in being able to "pick apart" Plaintiff's expert, nor that they hope for Plaintiff's death. The undersigned likewise finds no merit in Plaintiff's argument that Defendants motion here flies in the face of their "fair dealing" obligations to the plaintiff under KRS 304.12.230.

This case was filed March 30, 2005, less than two years ago. The criminal charges against Mendenhall have been pending since January 20, 2005. In granting the motion of State and Guarantee, this Court does not stay this matter except to refrain from establishing deadlines for Defendants to identify trial experts, the filing of dispositive motions and setting a trial date. The parties are free to pursue other discovery needs, if any. The court will review this matter by telephonic status conference with the parties every three months to determine the status of relevant criminal charges against Mendenhall, particularly those now pending before the Cumberland Circuit Court.

Because the undersigned finds it imperative to grant the relief requested by State and Guarantee, for reasons of judicial economy the undersigned grants the same relief to Mendenhall. The convenience of this Court requires this action not be litigated in a piecemeal fashion.

NOW THEREFORE IT IS HEREBY ORDERED that:

1. State and Guarantee's joint motion to stay pretrial deadlines and trial date (DN 117) is GRANTED;

2. Mendenhall's motion for new discovery deadlines is GRANTED;

3. The parties may continue to take discovery in this action;

4. On **March 23, 2007, at 9:30 a.m. (CST)** the undersigned will conduct a telephonic status conference with the parties to this action who should be prepared to report to this Court the status of any criminal proceedings then pending against Mendenhall, particularly those in the Cumberland Circuit Court.

Copies:     Counsel of Record